Dear Mr. Rosenberg:
I am in receipt of your request for an Attorney General's opinion on behalf of the Orleans Parish School Board. You seek an opinion concerning the proper procedure for the Orleans Parish School Board to follow in order to declare a vacancy on the Board and to fill it.
By telephone you indicated that one of the New Orleans Parish School Board members, Mrs. Cramer, changed her domicile from the district she represents. You state that the Board is unaware of the actual date she changed her domicile. You also state that Mrs. Cramer sent notice of her resignation to the Secretary of State on November 19, 1997, which was received on November 21, 1997. The Secretary of State sent notice of such resignation to the School Board on November 21, 1997. Specifically, you inquire as to when Mrs. Cramer's position became vacant and whether the Board is still within the ten days as prescribed by law to appoint another Board member.
From the facts given to us in this matter, the only certain date from which we can find that a vacancy occurred is the date of resignation. Therefore, our opinion will address the filling of the vacancy from the facts as presented.
LSA-R.S. 17:121 sets forth specific provisions for the Orleans Parish School Board for election and terms of its members, apportionment, qualifications, compensation, vacancies and prohibited acts. Section C(1) provides the following in reference to a vacancy on the Board:
 Members of the board shall receive the same remuneration and possess the same qualifications as provided by law for members of other parish school boards. A vacancy occurring on the board shall be filled in the manner provided by law for filling of vacancies in the other parish school boards.
LSA-R.S. 18:602 specifies the procedure to be followed when a vacancy occurs in certain local and municipal offices. The statute states the following in reference to a vacancy in the membership of a city or parish school board:
 B. When a vacancy occurs in the membership of a city or parish school board, the remaining members of the board shall, within ten days, declare that the vacancy has occurred and proceed to appoint a person who meets the qualifications of the office to fill the vacancy. For the purposes of this Subsection, in addition to the definition of "vacancy" provided in R.S. 18:581(1), a "vacancy" in a city or parish school board office shall be deemed to have occurred when, in the case of a city school board, a member's residence no longer lies within the jurisdiction of the board or when, in the case of a parish school board, a member changes his domicile from the district he represents or, if elected after reapportionment, is domiciled outside the district he represents at the time he is sworn into office, any declaration of retention of domicile to the contrary notwithstanding.
 D. If a vacancy is not filled within the time specified in Subsections A, B, or C herein, the governor shall fill the vacancy.
LSA-R.S. 18:581(1) defines a vacancy as follows:
As used in this Title:
 A "vacancy" occurs in an elective office when the office is or will be unoccupied by reason of the death of the official who was elected to the office, or by reason of his retirement or resignation, removal from office by any means, failure to take office for any reason, or when it becomes certain that the person elected to the office will not take the office on the day when the term for which he was elected commences, or when the person elected to or holding the office no longer meets the residence or domicile requirements of that office, any declaration of retention of domicile to the contrary notwithstanding.
LSA-R.S. 18:654 provides the following concerning the effect of filing of resignations:
 A resignation shall become irrevocable three days after the day on which the secretary of state has transmitted the notice to the appropriate authority.
Since Mrs. Cramer's resignation became irrevocable three days after the day on which the Secretary of State transmitted the notice to the Orleans Parish School Board on November 21st, her resignation was irrevocable November 27, 1997. Since the board received notice on November 21st, that day is not to be included in calculating the time. (See La. Code of Civil Proc. Art. 5059). Also, LSA-R.S. 1:55E(3) provides that Saturdays and Sundays shall be considered legal holidays for purposes of Article 5059 of the Louisiana Code of Civil Procedure. If the last day of the period is a legal holiday the period runs until the end of the next day which is not a legal holiday.
Once her resignation became irrevocable, the School Board has ten days to appoint a new board member to Mrs. Cramer's position. Therefore, the ten day time period commenced on November 28, 1997. The last day the board can appoint a new board member to fill Mrs. Cramer's vacancy is December 8, 1997.
If the Board fails to appoint a new member within this time period the Secretary of State will notify the Governor's office so they can make such an appointment. (See R.S. 18:602(D)). This subsection mandates the Governor to fill the vacancy on the School Board after the ten days have lapsed. The Secretary of State's office recommends that you notify them immediately so they will not send notice to the Governor's office to appoint a new member.
You have indicated that the remainder of Mrs. Cramer's term is for more than one year. Therefore, please refer to LSA-R.S.18:602D(2)-(4) for the procedure the Board needs to follow in calling a new election.
I hope this opinion has sufficiently addressed your concerns.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
Date Received: November 25, 1997BRDate Received: December 2, 1997SHDate Released: December 8, 1997
BETH CONRAD LANGSTONASSISTANT ATTORNEY GENERAL
 ORLEANS PARISH SCHOOL BOARD
POLACK, ROSENBERG, ENDOM RIESS, ATTORNEYS
SUITE 100/938 LAFAYETTE STREET NEW ORLEANS, LOUISIANA 70113-1067
(504) 581-1422
November 20, 1997
 VIA FEDERAL EXPRESS AND FACSIMILE
Expedite
Hon. Richard Ieyoub, Attorney General OR #97-522
State of Louisiana LANGSTON
State Capitol Building, 22nd Floor 12/01/97 RECEIVED P.O. Box 94005 NOV 25 1997 Baton Rouge, Louisiana 70804-9005 CIVIL DIVISION
ATTENTION: KENNETH DEJEAN, Esq.
Re: Request for Expedited Opinion — Orleans Parish School Board